10-693-ag
Ou v. Holder

BIA
Videla, IJ
A200 031 252

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*.

_____

DONG OU,
> *Petitioner*,

v.                                          10-693-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Edward J. Cuccia, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Judith R. O'Sullivan, Trial Attorney, Office

**of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Dong Ou, a native and citizen of the People's Republic of China, seeks review of a January 27, 2010, order of the BIA affirming the March 18, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying Ou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Ou* No. A200 031 252 (B.I.A. Jan. 27, 2010), *aff'g* No. A200 031 252 (Immig. Ct. N.Y. City Mar. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. For asylum applications, such as Ou's, governed by the REAL ID Act of 2005, the agency may, in considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ found Ou not credible based on: (1) his demeanor and lack of responsiveness to some questions; (2) his implausible testimony that, although family planning officials were looking for him at his parents' home, he and his wife held a large wedding party there; (3) his claim that he had presented a fine receipt, when, in fact, he had not done so; (4) his omission from his asylum application that his parents had been arrested; and (5) his admission that he had lied to immigration officials about the basis for his asylum claim when he first arrived in the United States.

At the outset, Ou challenges only the first four of the agency's findings. Thus, the agency's reliance on Ou's admission that he lied to immigration officials stands as a

3

valid basis for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir. 2005) (finding it reasonable for the agency to base an adverse credibility determination "on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses").

To the extent Ou challenges the agency's additional findings, the agency's findings are supported by substantial evidence. First, we defer to the IJ's assessment that Ou was likely "following a script" because he was non-responsive or often hesitated before answering simple, direct questions. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting that "[a] fact-finder who assesses testimony together with witness demeanor" is in the best position to evaluate its credibility). Second, the agency reasonably found implausible Ou's testimony that he held a large wedding party at his parents' home while hiding from family planning officials who were looking for him there. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.16 (2d Cir. 2006) (upholding an implausibility finding as to a petitioner's claim that she went into hiding

4

to avoid officials and yet continued working in a location where the officials were likely to find her).

Third, contrary to Ou's assertions, the IJ reasonably found him not credible based on his inconsistent testimony that he had submitted a "fine receipt" when he had not done so and, indeed, had also testified that he never paid any fine. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (noting that credibility findings may be based on inconsistencies in a petitioner's statements). Finally, the agency reasonably relied on Ou's omission from his asylum application that his parents had been arrested and reasonably rejected his inconsistent explanations for this omission. *See Majidi*, 430 F.3d at 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *see Xiu Xia Lin*, 534 F.3d at 166 n.3, 167 (stating that omissions and inconsistencies are functionally equivalent for purposes of an adverse credibility finding).

To the extent that all Ou's claims were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of his applications for asylum, withholding of removal, and CAT

relief.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  The agency also reasonably denied Ou's CAT claim based on his illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005)

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk